MARTIN, J. Offense, aggravated assault; penalty, a fine of $25.

Prosecuting witness came upon appellant and another under circumstances tending strongly to show that they were stealing the gasoline out of his car. He heard one of them say, "Are you going to get any more?" and the other said, "There ain't any more." It was shown that most of his gasoline was missing from his tank. Being accosted by prosecuting witness, appellant and his companion got in a car and started towards town, and prosecuting witness, in an apparent endeavor to apprehend them, jumped on the running board of their car. After getting to town he testified to an attack made upon him by them, during which he was hit over the head and seriously injured. It is shown that he was rendered unconscious thereby and had to have the services of a physician.

We observe several exceptions to the information. It is claimed that no offense is charged by it. The information is substantially in the language of the indictment held good in Bagley v. State, 67 Tex. Cr. R. 574, 150 S. W. 773, and is in our opinion sufficient to charge the offense. It is specifically excepted to upon the ground that it does not allege the filing of any complaint. Such an allegation was not necessary. Johnson v. State, 17 Tex. App. 230.

Objection was made to the following evidence of prosecuting witness admitted by the court: "The condition of my health since the injury has been very bad. My head has pained me almost all the time. My back has hurt down to my knees. I cannot bend over. I cannot work in the field. I need to be working in the field now." The information charged the infliction of serious bodily injury, and this was properly admitted to prove such issue. The statement, "I need to be working in the field now," if inadmissible, is of too trivial a nature to justify a reversal.

We gather from some of the special charges asked that appellant was of the opinion that the court should have charged on self-defense. Without passing on whether such issue was in the case, it is sufficient to say that no proper special charge was requested. We note also that no exception was lodged to the court's main charge for its failure to incorporate such an issue. In misdemeanor cases, this condition of the record presents nothing for review. Boattenhamer v. State, 84 Tex. Cr. R. 210, 206 S. W. 344; article 666, note 45, Vernon's C. C. P. (1925), for full collation of authorities.

We have examined all of appellant's bills of exception, and, finding no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## W. F. SCOTT v. STATE. (No. 12277.)

Court of Criminal Appeals of Texas. Jan. 30, 1929.

Rehearing Denied March 6, 1929.

C. R. Goslin, of Houston, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for burglary; punishment, two years in the penitentiary.

We find no bills of exception in this record. The statement of facts shows that a drug store was burglarized, and that shortly thereafter property taken from said drug store was found in appellant's possession. The fact of such possession when not properly explained, has often been held sufficient to justify the conviction of the party so found in possession thereof, for theft or burglary.

There being no error of procedure complained of in this trial, and believing the facts justified the verdict, the judgment will be affirmed.

On Motion for Rehearing.

HAWKINS, J. Appellant claims in his motion for rehearing that he made an explanation of his possession of the property taken from the burglarized store which entitled him to an instruction on that issue. No objection was presented complaining of any omission of such instruction from the charge, neither was any special charge on that subject requested. Appellant's defense was an alibi which the court properly submitted. Doubtless appellant would have been acquitted had the jury given credence to his evidence on that issue.

The motion for rehearing is overruled.

## C. C. SHORT v. STATE. (No. 12371.)

Court of Criminal Appeals of Texas. March 6, 1929.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of one year.

A plea of guilty was entered. The evidence heard is not before this court. No complaint is made in the rulings of the court, nor has any fault been found in the procedure.

The judgment is affirmed.